GARDEN, JUDGE:
The claimant purchased property on the north side of State Route 7 near Terra Alta, Preston County, West Virginia, in 1941. This property is on a hillside. During the late 1940’s, substantial improvements were made to the land. The hillside was terraced and stone retaining walls were added for support. Two houses were built, one of which the claimant has used as her residence. The other house has been used as rental property. A garage was constructed for each house. An automobile *483 body shop was built on the eastern corner of the property below the houses. Claimant also purchased property on the south side of Route 7. This tract was directly opposite the tract with the houses, garages and body shop. On the tract of land to the south of Route 7, claimant built a store. She no longer owns this property. There are two catch basins on the north side property. An upper catch basin is located near the northeast corner of the claimant’s home. This catch basin connects to a six-inch drainpipe which runs south between the house and the body shop. The drainpipe connects with the lower catch basin, which is located on the north side of Route 7. The lower catch basin is maintained by the respondent, and leads to a culvert which runs underneath Route 7. The culvert runs under the store and exits on the south side of the store. The claimant alleges that the respondent has failed to maintain the lower catch basin, which has caused an increase in the water table resulting in substantial damages to the residence, body shop, and retaining walls, for which the claimant seeks damages of $13,500.00. She seeks an additional $567.92 for restoration of a gas line allegedly destroyed by the respondent during a ditch cleaning operation.
Lyle Moulton, a Ph.D. in Soils and Foundations Engineering, examined the property at the claimant’s request. Dr. Moulton testified that the clogged catch basin has contributed to a rise in the water table which has increased the hydrostatic pressure on the retaining walls and the buildings. The retaining walls, as was evidenced by photographs, are in danger of collapse. One wall of the body shop has collapsed and been replaced by a plywood wall.
On cross-examination, Dr. Moulton stated he did not know where the culvert was clogged. He viewed where the drainpipe went under the store and stated there were two right-angle bends in it, which was not the condition of the pipe when the claimant owned the store. Dr. Moulton also said that there are numerous springs on the property, which make the area “quite wet seasonally.” This would “depending upon the drainage that was placed behind the walls or water that might get out through the walls, this generally would lead to higher *484 lateral pressure on the wall throughout the area.” He conceded that some of the walls are of marginal construction.
Paul Guthrie, an employee of the respondent, stated that the only portion of the culvert maintained by the respondent is the part which is under Route 7. There is a ditch line along Route 7 which is adequate to drain the road. Mr. Guthrie said that the current owner of the store closed the culvert to prevent odor from sewage water from entering the store. It is not possible to unclog the culvert without going into the store, which respondent cannot do.
Barney Stinnett, a soils engineer working for the respondent, testified that the clogged culvert should not have much effect on the water table because of the presence of the ditch line which should carry the flow of water away from the top of the hill. In his opinion, the damage was caused by the construction of the retaining walls, which lack weep drains which could reduce the level of hydrostatic pressure on the walls. The springs in the hillside further serve to lessen the general stability of the land.
After careful review of all the evidence presented, the Court finds that several conditions existed which led to the damages to claimant’s property. The hillside is unstable due to the presence of one or more underground springs. The amount of construction which the claimant has performed has significantly contributed to the increased instability of the hillside. Experts for the claimant and respondent noted the inadequate construction of the retaining walls, which require special construction to allow a continuing flow of water down the hillside. The clogged culvert has, in all probability, aggravated this situation, but it has not been established, by a preponderance of the evidence, that any negligence of the respondent outweighed that of the claimant. Under the doctrine of comparative negligence, therefore, the Court finds that the negligence of the claimant was equal to or greater than that of the respondent and disallows that portion of the claim.
The evidence established that the repairs to the ruptured gas line occurred in May 1977. The respondent has pled that this portion of the claim is barred by the statute of limitations. *485 The claim was filed in September 1979. Since the claim was not filed within the two-year statute of limitations, the Court has no jurisdiction of the claim under West Virginia Code §14-2-21. Therefore, this portion of the claim is also denied.
Claim disallowed.